IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL POWELL,

        Plaintiff,

v.                                          CIVIL ACTION NO.  2:14-cv-25638

YRC WORLDWIDE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Michael Powell's Motion to Amend Complaint (ECF No. 85) and Defendant YRC Worldwide, Inc.'s Motion for Leave to File Surreply (ECF No. 102). For the reasons stated herein, both motions are **GRANTED**.

        I.        *FACTUAL AND PROCEDURAL HISTORY*

This is a personal injury action arising from the collision of two tractor trailers on westbound Interstate 64 near Cross Lanes, West Virginia on December 24, 2013. Plaintiff was operating one of the trucks; Defendant YRC Worldwide, Inc.'s ("YRC") employee John C. Miller operated the other.[1] Plaintiff sued YRC for negligence and demanded punitive damages, among other forms of relief. By joint stipulation entered August 3, 2015, Plaintiff agreed to the dismissal without prejudice of "[a]ll claims . . . for punitive or exemplary damages," subject to the caveat that he could reassert them "should [he] present evidence colorably supporting said claims."

---

[1] Mr. Miller died in the collision. Plaintiff initially brought claims against Mr. Miller's estate but voluntarily dismissed them on August 3, 2015, (ECF No. 30), leaving YRC as the sole defendant.

(ECF No. 30.) Plaintiff has since discovered evidence that he asserts supports a colorable claim for punitive damages and moves to amend in order to reallege it. Specifically, Plaintiff recently unearthed evidence that four of the brakes on Mr. Miller's tractor trailer were "out of compliance" at the time of the collision. Plaintiff believes this evidence, which had not been disclosed by YRC, identifies mechanical failure as a possible cause of the otherwise inexplicable accident. YRC opposes the proposed amendment. The case is scheduled for trial on September 6, 2016.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows the amendment of a complaint more than 21 days after service of a responsive pleading "only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Under this liberal standard, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)). Rule 16(b), on the other hand, curtails the Court's generosity. This rule governs the entry of scheduling orders, and provides that once entered, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The Fourth Circuit resolved the conflict between these two rules by holding that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison*, 535 F.3d at 298. The "good cause" inquiry focuses on the moving party's diligence and reasons for seeking the amendment. *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003) (citing *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995)).

### *III. DISCUSSION*

YRC filed its answer to the Complaint on October 1, 2014. (ECF No. 8.) On December 15, 2014, the Court entered a scheduling order establishing a January 6, 2015 deadline for amended pleadings.[2] (ECF No. 11.) Plaintiff filed the pending motion on March 8, 2016, more than 21 days after service of YRC's answer and over one year after the scheduling order's deadline. Favorable resolution of his motion thus depends, first, on whether he can present good cause for its untimeliness, and second, whether the interests of justice will be served by the reassertion of the punitive damages claim.

Neither party addresses Rule 16's good cause standard, but the circumstances in which Plaintiff's motion arises demonstrate diligent pursuit of the claim for punitive damages. Plaintiff voluntarily abandoned his claim for punitive damages after unsuccessfully searching for evidence to support it. Plaintiff made discovery inquiries relating to YRC's investigation of the collision as early as January 29, 2015. (ECF No. 85-1, Ex. A at 3.) He followed this unfruitful request with a request for supplemental discovery on July 23, 2015, in which he again conveyed his desire "to eliminate other causes of the crash that would have been apparent to YRC immediately following its own accident investigation." (ECF No. 85-3, Ex. C at 2–3.) YRC did not formally respond, but repeatedly assured Plaintiff in the coming days that it was not aware of any mechanical dysfunction in its tractor-trailer. In reliance on those assurances, and subject to the proviso that he could move to amend if they turned out to be inaccurate, Plaintiff agreed to the dismissal of the claim for punitive damages. Plaintiff also agreed, based on the representations of YRC's counsel, to the disposal of the wrecked tractor trailer. (ECF No. 85-5, Ex. E at 1.)

---

[2] The Scheduling Order set a discovery deadline of July 15, 2015. That deadline was later extended to November 15, 2015; however, the deadline for amended pleadings was not altered.

It was not until February 2, 2016, during the deposition of YRC's accident reconstruction expert, Michael Sutton, that Plaintiff received what he calls "colorable evidence" to support a claim of punitive damages. This "colorable evidence" consists of a document produced by Mr. Sutton which recorded measurements of the airbrakes on YRC's tractor trailer. An engineer in Mr. Sutton's employ had recorded the measurements as part of an accident investigation conducted in the days following the collision. The document became part of Mr. Sutton's investigative file, which he turned over at Plaintiff's request. The measurements reveal that four of the vehicle's twelve airbrakes were out of adjustment and, by regulation, defective at the time of the accident. (Dep. of Thomas Green, ECF No. 85-9, Ex. I at 33–35.) In Plaintiff's view, this document is the first evidence that a mechanical defect could have contributed to the accident. He argues that YRC's failure to produce the document earlier creates an inference that YRC knew of the faulty brakes yet chose to keep its tractor trailer in active service. The Court views the recent disclosure of this probative evidence as a legitimate reason to vary from the scheduling order's deadline.

YRC does not question Plaintiff's diligence in pursuing the punitive damages claim, though it downplays the significance of the brake measurements. YRC's opposition to the present motion is premised on Rule 15, not Rule 16: it asks the Court to deny the amendment as futile because Plaintiff cannot succeed on a punitive damages claim based on the maladjusted brakes. YRC vehemently denies any intent to obscure this evidence; in fact, it claims that it had no knowledge of the faulty brakes prior to Mr. Sutton's deposition.[3] Without proof that it knew of the flawed

---

[3] YRC moves for leave to file a surreply in order to defend itself against the accusation of deliberately withholding the brake measurements. (ECF No. 102-1, Ex. A.) Surreplies are disfavored in this District, but the Court has reviewed the proposed surreply and **ORDERS** that it be filed. The Court notes that the surreply does not alter its analysis; further, it finds it unnecessary to decide whether YRC was motivated by bad faith in failing to disclose evidence of the airbrake measurements. It is sufficient for resolution of the motion to amend that Plaintiff was denied access to this evidence, whether purposefully or no.

braking mechanism prior to the accident, YRC reasons, the claim for punitive damages must fail. Even assuming it knew of the airbrake problems, YRC also contends that Plaintiff cannot prove causation. In support, YRC points to an affidavit submitted by Mr. Sutton in which he states that the deviations in brake adjustment were so minor that they could not have diminished the tractor trailer's overall braking ability. (ECF No. 89-2, Ex. B at 1.)

YRC's argument entreats the Court to resolve hotly contested factual matters in its favor, essentially asking for summary judgment on a claim that has not yet been pled. This the Court declines to do, particularly where the parties have agreed that Plaintiff shall have leave to amend upon presentation of colorable evidence supporting punitive damages. As Plaintiff points out, the standard for "colorable evidence" is lower than the standard for futility, which this Court has "defined as being unable to survive a motion for summary judgment." *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D. W. Va. 2001) (citing *Edell & Assocs., P.C. v. Law Offices of Angelos*, 264 F.3d 424, 446 (4th Cir. 2001)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) ("If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." (citations omitted)). Therefore, Plaintiff need not show a genuine factual issue in support of his claim for punitive damages—under the parties' stipulation, he should be granted leave to amend if he puts forward merely colorable, or plausible, evidence. *See Richardson v. United States*, 468 U.S. 317, 326 n. 6 (1984) (defining a colorable claim as one with "some possible validity").

Plaintiff has presented colorable evidence to support a claim for punitive damages. In a case where neither party has been able to identify the cause of the accident, Plaintiff has put forward evidence that several defective brakes on the YRC tractor trailer could have diminished

its braking ability. He has also presented evidence that these brake measurements were in the possession of YRC's expert and not disclosed, despite Plaintiff's repeated requests for this type of evidence. Moreover, YRC's destruction of the tractor trailer has deprived Plaintiff of the opportunity to investigate this mechanical problem for himself. This evidence, together with the proposed testimony of Plaintiff's expert that the maladjusted airbrakes could lead to diminished braking, certainly meets the threshold for colorable evidence. The Court is thus inclined to hold the parties to their stipulation and will grant Plaintiff leave to reassert the punitive damages claim. Whether this case warrants a punitive damages jury instruction is a matter the parties are free to litigate at trial.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Amend Complaint (ECF No. 85) and **GRANTS** YRC's Motion for Leave to File Surreply (ECF No. 102).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 13, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE